## PEASE *vs.* SIMPSON.

Replevin must be brought in the county where the original taking was, or where the chattel is detained.

The defendant obtained unlawful possession of the plaintiff's horse in the county of K., where the plaintiff resided, and carried him to the county of H. The plaintiff sued out his writ of replevin in the county of K., which was served on the defendant in H. *Held,* that the action was maintainable.

REPLEVIN for a chesnut colored mare. The facts in the case are sufficiently stated in the opinion of the Court. A verdict was rendered for the plaintiff, subject to be set aside, if this action was improperly brought in the county of *Kennebec;* otherwise judgment was to be rendered thereon.

*D. Williams,* for the defendant.

The action of replevin is local in its nature, and should be brought in the county where the cause of action has accrued. *Robinson* v. *Mead,* 7 *Mass.* 350.

In *Wyman* v. *Dorr,* 3 *Greenl.* 181, it is said, the action may be brought wherever the property is *detained.*

Since the case of *Badger* v. *Phinney,* 15 *Mass.* 359, the doctrine in relation to replevin is entirely changed. The taking is of no consequence; the *detention* is the gist of the offence. *Baker* v. *Fales,* 16 *Mass.* 147 ; *Story's Pleading, tit. Replevin,* *Seaver* v. *Dingley,* 4 *Greenl.* 306.

It may always be said that the property is taken where it is detained, but not that it is detained where taken.

*Potter,* for the plaintiff, cited 4 *Cow.* 46 ; *Bull. N. P.* 54 ; 5 *Dane's Abr.* 533.

EMERY J. — This is an action of replevin. The only question in the case is, whether the action should have been brought in the county of *Hancock,* rather than in *Kennebec.* And the reason for raising this question, is, that the plaintiff had become the owner of the mare by exchange with one *Priest.* Subsequently, *Priest,* having obtained possession of the mare and claiming to be the owner, exchanged her, at *China,* in the county of *Kennebec,* with the defendant, for another horse, and a small sum of money by way of boot; the defendant supposing *Priest* to have

been the owner of the mare. After taking a journey westward, the defendant returned with her to his residence at *Ellsworth,* in the county of *Hancock.* There he detained the mare, and there the writ in this action was served.

The action of replevin, by our statute, is local. That is, it must be brought either in the county where the original taking was, or where the chattel may be detained. It is not exclusively confined to the place of the last detention. The statute should receive a liberal construction, as it is a remedial statute. There is not readily discernible a reason for putting the action of replevin upon any different ground from that of all other personal actions of trespass for taking goods.

Even those actions, in cases between citizens of the State, must be brought in the county where one of the parties live. And the plaintiff having, in this case, elected to prosecute in the county where the original wrongful taking of his property was performed, as the jury have said, we feel bound to render

*Judgment on the verdict.*